Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6729 facsimile
Email: mhigbee@higbeeassociates.com
rcarreon@higbeeassociates.com

Attorney for Plaintiff,
JEFFREY R. WERNER,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY R. WERNER,<br><br>                              Plaintiff,<br><br>v.<br><br>RHYTHM MEDIA GROUP INC.; and<br>DOES 1-10, inclusive,<br><br>                              Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br><br>**(2) UNAUTHORIZED ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2.      This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.      This court has personal jurisdiction over Defendant because Defendant is physically present and has a place of business in the state of

California, Defendant's acts of infringement complained of herein occurred in the state of California, Defendant's acts of infringement were directed towards the state of California, and Defendant caused injury to Plaintiff within the state of California.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) because Defendant resides and a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.

## PARTIES

5.      Plaintiff Jeffrey R. Werner ("Plaintiff" or "Werner") resides in Los Angeles, California and is a professional photographer by trade.

6.      Defendant Rhythm Media Group Inc. ("Defendant") is a corporation duly organized an existing under the laws of the state of California, with a place of business at 2121 W. Mission Road, 2nd Floor, Alhambra, CA 91803.

7.      Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

### *Plaintiff Jeffrey R. Werner*

8.      Werner has over 35 years experience as a professional photographer. His work has appeared in publications such as *Life, Time, Newsweek, People, Marie*

1    *Claire, FHM, Smithsonian, Playboy, Maxim, In Touch, Daily Mail, Penthouse,* and
2    many others.

3        9.      Werner is primarily known for his specialty work in capturing video
4    and photographs of dangerous stunts, and is the only photographer inducted into the
5    Stuntworld Hall of Fame. His work has been featured on such television shows as
6    *That's Incredible!, The World's Greatest Stunts, Stuntmasters, Guinness World*
7    *Record Spectaculars, Ripley's Believe It Or Not,* and *I Dare You.*

8        10.     In addition to his stunt work, Werner is well known for his work with
9    exotic animals, sideshow eccentricities, and people who have overcome incredible
10   obstacles. The uniqueness of Werner's portfolio has resulted in substantial licensing
11   opportunities for his work, which he relies on to research and fund future shoots.

12       11.     Werner is the president of the editorial syndication agency, Incredible
13   Features, Inc. ("Incredible Features"), through which Werner distributes and
14   syndicates his and other photographer's works.

15       12.     Werner is the author and rights holder to a photograph of Adam
16   Ramos, owner of FemSkin, a company specializing in the manufacture of custom
17   rubber body suits, and eleven photographs of 'Robby' a 70-year old retired real
18   estate agent and FemSkin customer who goes by the alter ego 'Sherry' while
19   wearing his custom bodysuit manufactured by FemSkin (collectively the "FemSkin
20   Images"). FemSkin caters to a unique subculture known as 'maskers', or 'rubber
21   dollers,' predominantly comprising of men who dress up in full body suits to make
22   them look like female dolls.

23       13.     True and correct copies of the FemSkin Images are attached hereto as
24   Exhibit A.

25       14.     Werner registered the FemSkin Images with the United States
26   Copyright Office, registration number VAu 1-165-412.

27       15.     In 2014, Werner licensed the FemSkin Images to the UK Daily Mail
28   through Incredible Features via Barcroft Media, a European sublicensing agent, for

1    use in the UK only for a story entitled "Love the skin you're in! Mother-and-son

2    business sells full-body WOMAN SUITS for men who want to live as rubber dolls"

3    which was published on July 4, 2014 ("Daily Mail Article"). *See*

4    https://dailym.ai/2KQ1ude.

5         16.    The FemSkin Images as they appeared in the Daily Mail Article each

6    contained a visible watermark in the bottom left corner with the text "© Incredible

7    Features/ Barcroft Media" indicating that the Images had been licensed through

8    Werner's company Incredible Features and authorized European sublicensing agent

9    Barcroft Media.

10                   ***Defendant Rhythm Media Group Inc.***

11         17.    Defendant Rhythm Media Group Inc. is a self described "diversified

12    multi-media and culture services company." Founded in 2003 in Los Angeles, it

13    operates in five segments: newspaper publication, digital news services, radio news

14    services, video productions, and cultural products and services. *See*

15    http://rhythmmedia.com/aboutRhythmMedia.html.

16         18.    Defendant has offices in Los Angeles, San Francisco, Washington

17    D.C., Houston, Seattle, Beijing, and Taipei.

18         19.    Defendant is the owner and operator of the Chinese language website

19    www.uschinapress.com ("Defendant's Website").

20         20.    On information and belief, Defendant's Website is the digital

21    companion to "The China Press" daily newspaper and its sister publication "The

22    China Press Weekly" which are "regarded as one of the nation's largest Chinese

23    language publication by circulation, coverage, and influence" and are distributed in

24    approximately major metropolitan areas in the United Stated with large Chinese-

25    American populations. *See* http://rhythmmedia.com/aboutRhythmMedia.html.

26                   ***Defendant's Infringing Conduct***

27         21.    On or about May 10, 2018, Werner discovered that the FemSkin

28    Images were being used Defendant's Website in a Chinese language photograph

slideshow ("Infringing Article"). Attached hereto as Exhibit B is a true and correct copy of the Infringing Article; *see also* https://bit.ly/2QA9zYP.

22.     An English translation of the page revealed a line of text at the top of the Infringing Article stating "Source: British 'Daily Mail,'" indicating that Defendant had copied the FemSkin Images from the Daily Mail Article. Attached hereto as Exhibit C is an English translation of the Infringing Article.

23.     Upon closer inspection, Werner noticed that the watermark that appeared on the FemSkin Images in the Daily Mail Article had been removed.

24.     For example, one of the FemSkin Images in the Infringing Article appears to have been crudely airbrushed to remove the watermark:

**<u>Original with watermark</u>**



**<u>Watermark airbrushed out</u>**



25.     Werner suspected that the Image had been airbrushed to remove the watermark because the altered Image appeared to be discolored and have a noticeable dark spot near where the watermark was original situated, and the airbrush had also inadvertently removed the top portion of one of the stairs where the subject of the Image is standing.

26.     Additionally Werner noticed that another of the FemSkin Images in

1  the Infringing Article appeared to have the watermark completely cropped out:

2

3  **Daily Mail Article**                    **Infringing Article**



CROP LINE

27. Werner suspected that the watermark had been cropped out because the watermark on the original Image is placed near the toes of the subject of the Image, whereas the Image in the Infringing Article appears to have been cropped just above the toes of the subject where the original watermark was situated.

28. Werner noticed that each of the FemSkin Images appearing in the Infringing Article on Defendant's Website had noticeable signs of either airbrushing or cropping near where the watermark had been originally placed.

29. Additionally, Werner noticed that the metadata containing a copyright notice that has been embedded in each of the FemSkin Images as uploaded with the Daily Mail Article had been completely deleted with the photographs appearing on the Infringing Article.

30. Attached hereto as Exhibit D is an example of how each of the

1  watermarks and metadata originally conveyed with FemSkin Images with the Daily

2  Mail Article had been altered or removed on the FemSkin Images appearing with

3  the Infringing Article.

4       31.   On information and belief, Defendant downloaded the FemSkin

5  Images from the Daily Mail Article and knowingly and intentionally removed the

6  watermark and metadata containing the copyright management information on each

7  of the FemSkin Images prior to uploading them as part of the Infringing Article on

8  Defendant's Website in order to obscure Defendant's infringing conduct.

9       32.   Werner did not license the FemSkin Images to Defendant, nor did

10  Werner give Defendant permission to remove the watermark or metadata.

11  
**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

12  

13       33.   Plaintiff incorporates by reference all of the above paragraphs of this

14  Complaint as though fully stated herein.

15       34.   Plaintiff did not consent to, authorize, permit, or allow in any manner

16  the said use of Plaintiff's unique and original FemSking Images.

17       35.   Plaintiff is informed and believes and thereon alleges that the

18  Defendant willfully infringed upon Plaintiff's copyrighted FemSkin Images in

19  violation of Title 17 of the U.S. Code, in that it used, published, communicated,

20  benefited through, posted, publicized, and otherwise held out to the public for

21  commercial benefit, the original and unique FemSkin Images of the Plaintiff

22  without Plaintiff's consent by using them in the Infringing Articles on Defendant's

23  Website.

24       36.   Plaintiff has no record of Defendant ever purchasing a license.

25  Furthermore, Defendant attempted to conceal its infringement by removing the

26  watermark and metadata.

27       37.   As a result of Defendant's violations of Title 17 of the U.S. Code,

28  Plaintiff is entitled to any actual damages and disgorgement of profits pursuant to

17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 per infringement pursuant to 17 U.S.C. § 504(c).

38.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

39.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
**FALSIFICATION, REMOVAL AND ALTERATION OF**
**COPYRIGHT MANAGEMENT INFORMATION**
**17 U.S.C. § 1202**

40.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.     Defendant intentionally falsified, removed, and/or altered copyright management information related to the FemSkin Images with the intent to induce, enable, facilitate, or conceal its infringement of the FemSkin Images. Specifically, Defendant illegally downloaded the FemSkim Images with watermarks containing copyright management information from the Daily Mail Article and airbrushed and/or cropped the Images so that the watermark was removed before uploading the Images to Defendant's Website.

42.     Additionally, Defendant intentionally removed the metadata from each of the FemSkin Images that contained copyright management information.

43.     Defendant's conduct was knowing and intentional because Defendant knew that it was not the copyright holder in the FemSkin Images and that Defendant had not licensed the Images for use in the Infringing Article on Defendant's Website and knowingly altered the and/or removed the watermark and metadata containing the copyright management in order to conceal its infringing conduct.

44.     Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

45.     Defendant's falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

46.     Defendant's falsification, removal and/or alteration of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendant's infringement of the Images. Defendant also knew, or had reason to know, that such removal, falsification, and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of the Images.

47.     Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged in an amount to be proven.

48.     In the alternative, Plaintiffs may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from each Defendant for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1.     For a finding that Defendant infringed Plaintiff's copyright interest in the FemSkin Images by copying and displaying without a license of consent;

2.     For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

3.     For an award of actual damages or, in the alternative, statutory damages against each Defendant in an amount up to $25,000.00 for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;

4.     For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from

any infringing use of any of Plaintiff's works;

     5.     For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

     6.     For pre judgment interest as permitted by law; and

     7.     For any other relief the Court deems just and proper.

Dated: February 25, 2019            Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff, Jeffrey R. Werner hereby demands a jury trial in the above matter.

3

4    Dated: February 25, 2019                    Respectfully submitted,

5

6                                               **/s/ Ryan E. Carreon**
                                                Ryan E. Carreon, Esq.
7                                               Cal. Bar No. 311668
                                                **HIGBEE & ASSOCIATES**
8                                               1504 Brookhollow Dr., Ste 112
9                                               Santa Ana, CA 92705-5418
                                                (714) 617-8336
10                                              (714) 597-6559 facsimile
11                                              *Counsel for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28